# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Alfred Johnson II, Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) being duly sworn, deposes and states as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. This is an Affidavit provided in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 authorizing the search and seizure of the following property for evidence that Dajuan STEWART violated 21 U.S.C. § 841, possession with the intent to distribute controlled dangerous substances, and 18 U.S.C. § 922(g), possession of a firearm by a prohibited person:

> **A pink apple iphone SE cellular telephone bearing IMEI number 356599081936909 and FCC ID number BCG-E2945A recovered at 9600 Pulaski Highway (hereinafter "Subject Electronic Device 1"). Subject Electronic Device 1 is described more fully in Attachment A.**

2. The applied for warrant would authorize the forensic examination of **Subject Electronic Device 1** for the purpose of identifying electronically stored data particularly described in Attachment B and using the protocols described in Attachment C by ATF or their authorized representatives, including but not limited to other law enforcement agents assisting in this investigation.

3. I am a Special Agent with ATF and have been since May 10, 2016. I successfully completed the Criminal Investigator Training Program and the ATF Special Agent Basic Training Academy at the Federal Law Enforcement Training Center, located in Glynco, Georgia, where I received specialized training in the investigation of federal crimes involving firearms, alcohol and tobacco diversion, arson and explosives, and narcotics. I am currently assigned to the Baltimore Field Division. I have participated in numerous investigations involving violent crime, firearms

violations, and illegal drugs, including two Title III wiretaps involving these violations. I have arrested or assisted in the arrest of individuals for the above-listed offenses.

4. Prior to employment with ATF, I was a Police Officer for the Charleston City Police Department in Charleston, South Carolina. I also served as an Officer (O-3) in the United States Coast Guard for six years.

5. Through training and experience, including interviews of and numerous hours of surveillance of suspected contraband traffickers, I am familiar with the actions, traits, habits and terminology utilized by contraband traffickers. In addition, I know traffickers of contraband frequently use cellular telephones, communication devices, and other electronic media storage to further their illegal activities and frequently maintain numerous such electronic devices in an effort to conceal their activities. Traffickers frequently possess firearms to protect narcotics kept in their home, vehicle, on their person and proceeds earned from the sale of narcotics. Specifically, contraband traffickers frequently share combinations of common characteristics such as:

    a. **Keeping of documents and records**: Records of narcotics and firearms activity are regularly concealed in various locations (including cellphones) which take various forms. Documents commonly concealed by traffickers, include but are not limited to notes in code, deposit slips, wired money transactions, savings pass books, hidden bank accounts, photographs of co-conspirators, various forms of commercial paper, personal address books, notebooks, records, receipts, ledgers, travel receipts (rental receipts, airline tickets, bus tickets, and/or train tickets) both commercial and private, money orders, and other papers relating to the ordering, transportation, sale and distribution of narcotics and firearms or other such documents which will contain identifying data on the co-conspirators. These items may also be kept in locations considered safe such as cellphones, safety deposit boxes, residences, vehicles, and on their person, where they have ready access to them;

    b. **Use of computers and cellphones**: Traffickers frequently use computers, or other electronic storage media, including smart phones, to store the records of documents listed in paragraph (a) and photographs of themselves, their associates, their property, and their product. Traffickers usually maintain these photographs in their possession, in locations such as their homes, vehicles, electronic devices, or on their person;

    c. **Storage of currency**: Traffickers also keep large amounts of money in order to

maintain and to finance their ongoing business. Money can be concealed in their residences and may also include financial instruments, and evidence of financial transactions relating to narcotics trafficking activities; and

        d.     **Drug and Firearm trafficking paraphernalia:** Traffickers commonly have in their possession packaging material, cutting agents, digital scales, and other items used in the preparation and packaging of drugs and other firearms and ammunition.

        6.     Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents, police officers, witnesses, cooperating sources, and reports.

## PROBABLE CAUSE

        7.     On June 5, 2018, at 4:50 p.m., Baltimore County Police Department (BCPD) detectives were conducting surveillance at the Colonial Motel located at 9615 Pulaski Highway in Baltimore, Maryland. Detectives observed several suspected hand to hand drug transactions outside the motel and surrounding area throughout the duration of the surveillance. At approximately 5:05 p.m., detectives observed an individual, later identified as Ryan Taylor (Taylor), conduct a hand-to-hand drug transaction with a customer. Detectives stopped the customer and recovered suspected heroin.

        8.     Meanwhile, Taylor crossed the street and entered the passenger side of a gray Jeep Grand Cherokee (Jeep), bearing Maryland registration plates 3DF2976, parked in the Royal Farms gas station at 9600 Pulsaski Highway. Detectives observed Taylor interacting with the driver of the vehicle, later identified as Dajuan STEWART.

9. After confirming Taylor sold suspected narcotics to a customer (*see* ¶ 7), the detectives boxed in the Jeep on the Royal Farms lot to arrest Taylor. Detectives positioned one police vehicle in front of the Jeep and a second to the rear of the Jeep. STEWART immediately put his vehicle in reverse and collided with the police vehicle positioned behind the Jeep.

10. Detectives approached STEWART's vehicle and opened the driver side door. They immediately observed a black handgun sitting on STEWART's lap and money strewn throughout the vehicle.

11. STWEART and Taylor were arrested and the detectives searched the vehicle.[1] Detectives recovered one .45 Caliber Glock Model 30 semi-automatic pistol bearing serial number XAC419 from STEWART's lap; one ROMARM/CUGIR Draco model AK type pistol bearing serial number DB-6576-18 RO and approximately 494 rounds of ammunition from the luggage compartment; one loaded .45 caliber magazine located from the driver side door; approximately 60 grams of fentanyl from underneath the gear shifter in the center console; one ZTE cell phone, the **Subject Electronic Device 1**, and medical discharge paperwork bearing STEWART's name.[2] In addition, detectives found approximately $3,025.00 from STEWART.[3] STEWART claimed ownership of the **Subject Electronic Device 1**.

---

[1] Royal Farms surveillance video captured the incident.
[2] Agents believe these two weapons qualify as a firearm defined under 26 U.S.C. § 5845(a).
[3] STEWART is prohibited from possessing a firearm and/or ammunition due to a previous conviction for Possession with Intent to Distribute in 2012. This conviction carries a penalty of over a year incarceration and therefore qualifies as a felony as defined by 21 U.S.C. § 841.

4

12. **Subject Electronic Device 1** and the other recovered property was submitted to BPD Evidence Control Unit; subsequently, on November 7, 2018, the evidence was transferred to ATF custody[4], and has remained in the substantially the same condition since their seizure.

13. I submit there is probable cause to believe that STEWART used **Subject Electronic Device 1** to obtain and distribute narcotics, obtain firearms, and record his criminal activity on June 5, 2018 and that evidence of such shall be found contained within.

## CONCLUSION

14. Based on the facts as set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841, possession with the intent to distribute controlled dangerous substances, and 18 U.S.C. § 922(g), possession of a firearm by a prohibited person, have been committed by STEWART. There is further probable cause to believe that the **Subject Electronic Device 1** contains evidence of these crimes.

15. WHEREFORE, I respectfully request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation, to search **Subject Electronic Device 1**, as described in Attachment A, and to search **Subject Electronic Device 1** for the purpose of identifying electronically stored data particularly described in Attachment B and using the protocols described in Attachment C.

---

[4] The cellphones were placed in the evidence vault at the ATF Baltimore Field Office located at 31 Hopkins Place, Baltimore, MD 21201.

5

Respectfully Submitted,

Special Agent Alfred Johnson II
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me on this 11th of December 2018.

The Honorable Beth P. Gesner Stephanie A. Gallagher
United States Magistrate Judge

6

## ATTACHMENT A

**Property to Be Searched**

One pink with white face, cellular apple iphone SE bearing IMEI number 3565990819369O9, FCC ID number BCG-E2945A that was recovered from the passenger seat of the Jeep Grand Cherokee at 9600 Pulaski Highway (**Subject Electronic Device 1**) and currently located in the ATF Baltimore Field Division evidence vault at 31 Hopkins Place, Baltimore, Maryland 21201

## ATTACHMENT B

### Property to be Seized

This warrant authorizes the search and seizure of the following electronically stored information, contained within the items described in Attachment A:

a. digital images;

b. digital videos;

c. records of incoming and outgoing voice communications;

d. records of incoming and outgoing text messages;

e. the content of incoming and outgoing text messages;

f. voicemails;

g. voice recordings;

h. contact lists; and

i. location data;

that are related to the investigation into drug trafficking and/or firearms as more fully described in the Affidavit.

## ATTACHMENT C

### Search Protocols

**Subject Electronic Device 1** will be charged and powered on. The devices and all readable and searchable contents will be downloaded to a "CelleBrite" or "XRY" or similar device. The contents downloaded on the "CelleBrite" or "XRY" or similar device will then be copied to a readable computer disc and reviewed by your affiant. A search warrant return will be provided to the Court thereafter.

Because of the possibility that the files examined pursuant to the warrant will include information that is beyond the scope of what the United States has demonstrated the existence probable cause to search for, the search shall be conducted in a manner that will minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search is not viewed.

While this protocol does not prescribe the specific search protocol to be used, it does contain limitations to what the government investigators may view during their search, and the searching investigators shall be obligated to document the search methodology used in the event that there is a subsequent challenge to the search that was conducted, pursuant to the following protocol.

With respect to the search of any digitally/electronically stored information that is seized pursuant to this warrant, and described in Attachment B hereto, the search procedure shall include such reasonably available techniques designed to minimize the chance that the government investigators conducting the search will view information that is beyond the scope for which the probable cause exists.

The following list of techniques is a non-exclusive list which illustrates the types of search methodology that may avoid an overbroad search, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein:

a. Use of computer search methodology to conduct an examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether data falls within the items to be seized as set forth herein by specific date ranges, names of individuals, or organizations;

b. Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein;

c. Physical examination of the storage device, including digitally surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth herein; and

d. Opening or reading portions of files that are identified as a result of conducting digital search inquiries in order to determine their relevance.